```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                  BLUEFIELD DIVISION
```

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL ACTION NO. 1:02-00241-01**

**CARLOS DEAN SCOTT**


<u>**MEMORANDUM OPINION AND JUDGMENT ORDER**</u>

Pending before the court is defendant's motion(s) for a reduction in sentence under the First Step Act of 2018. (ECF Nos. 602 and 603). On December 21, 2018, the First Step Act was signed into law. <u>See</u> Pub. L. No. 115-391, 132 Stat. 5194 (2018). The First Step Act applies the relief provided in the Fair Sentencing Act of 2010, which reduced the disparity in the treatment of crack and powder cocaine offenses, retroactively to eligible defendants. Under the First Step Act, "a court that imposed a sentence for a covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." <u>Id.</u> at § 404(b).

To be eligible for a reduced sentence under the First Step Act, a defendant's sentence must not have been previously imposed or reduced in accordance with Sections 2 and 3 of the Fair Sentencing Act. <u>Id.</u> at § 404(c). In addition, a sentence may not be reduced if the defendant has made a previous motion for a reduction under the First Step Act that was denied on the merits.

Id. Furthermore, a court is not required to reduce a sentence under the First Step Act. Id.

On May 7, 2003, a jury found defendant guilty of the offenses of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, (Count One); and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (Counts Two, Three, and Four). On October 29, 2003, defendant was sentenced to a term of imprisonment of 360 months on each count of conviction, sentences to be served concurrently.[1] Defendant was also sentenced to a term of supervised release of five years. On November 29, 2005, defendant was resentenced post-Booker and the court imposed the same sentence that was ordered at his original sentencing hearing. On June 10, 2016, pursuant to Amendment 782,[2] defendant's sentence was reduced to 292 months on each count of

---

[1] At sentencing, the court made several rulings which are not reflected in the presentence report (PSI). First, the court found that the amount of drugs for relevant conduct purposes was 15 pounds of cocaine base which converts to 6.8 kg of cocaine base. The court also sustained defendant's objection to a two-point upward adjustment for his role in the offense, pursuant to USSG § 3B1.1(c). Finally, the court determined that the enhancement under 21 U.S.C. § 851 should not be applied, resulting in lower statutory sentencing exposure than that reflected in the PSR. For example, the PSR indicated that defendant was subject to a minimum term of imprisonment of 20 years on Count One. However, because the court did not apply the § 851 enhancement, the statutory minimum sentence was 10 years.

[2] Amendment 782 is commonly referred to as the "drugs minus two" amendment.

conviction. Defendant's projected release date is July 23, 2024.

As the parties agree, Counts One through Four are "covered offenses" because they were committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act which increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Specifically, the threshold requirement to trigger the mandatory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(B) was increased from 5 grams to 28 grams for cocaine base. The Fair Sentencing Act also increased from fifty to 280 grams the amount of cocaine base necessary to trigger the ten-year mandatory minimum sentence. Furthermore, defendant's sentence was not previously imposed or reduced in accordance with the First Step Act nor has he made another motion for a sentence reduction under the Act. Retroactive application of the First Step Act in defendant's case yields a statutory maximum sentence of forty years on Count One and twenty years on Counts Two, Three, and Four. The guideline range remains 292 to 365 months.

Although defendant did not request a specific sentence in his first memorandum, see ECF No. 610, his supplemental filings, which were filed after the COVID-19 pandemic reached the United States, request a time served sentence. See ECF Nos. 613 and 614. The United States has indicated that it believes no further reduction in sentence is warranted because defendant's sentence

3

is already at the bottom of the properly calculated guideline range. Defendant also requests a hearing and the United States opposes that request.

The First Step Act does not provide specific guidance as to how reductions should be implemented which has led to a difference of opinion on the proper procedure to be utilized.

> Although the parties agree on the ultimate result (which is probably all that matters to the defendant), they disagree on several matters relating to motions filed pursuant to the Act. Congress has not provided much of a roadmap for implementing the Act. See ESP Insider Express (U.S. Sentencing Comm'n Office of Education & Sentencing Practice, Feb. 2019) (stating that "[c]ourts will have to decide" certain issues concerning the effect of the First Step Act). Hence, the parties are at loggerheads in several respects.

> The Government and the Probation Office believe that the proper statutory vehicle for implementing the Act is 18 U.S.C. § 3582(c)(2), which provides that the court may reduce the term of incarceration of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The defendant disagrees, and argues that the relevant statute is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." The practical effect of choosing one or the other subsection would be to determine the extent to which this Court can modify defendant's sentence: specifically, whether the Court should simply recalculate the defendant's Guideline sentence, or in effect wipe the slate clean and conduct an entirely new sentencing.

> In addition, the defendant asserts that because, in his view, he is entitled to a plenary resentencing proceeding, the defendant has a right to be present. The Government and the Probation Office disagree with

4

> that assertion. Since defendant has executed a waiver of his presence for this proceeding, the Court need not decide that issue.
>
> Finally, the defendant seeks a specific "new" sentence of 123 months. The Government and the Probation Office contend that a sentence of "time served" is all that is required.
>
> District courts across the country have been dealing with these issues, in the wake of the enactment of these statutes.

United States v. Sampson, 360 F. Supp.3d 168, 170 (W.D.N.Y. 2019).

Our appeals court has provided some guidance. The United States Court of Appeals for the Fourth Circuit has confirmed that any sentence reduction under the First Step Act should be implemented pursuant to 18 U.S.C. § 3582(c)(1)(B). See United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019). The Fourth Circuit has also made clear that, in reducing a sentence under the First Step Act, a court may vary downward from the guidelines range. See United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020); see also United States v. Spotts, Criminal Action No. 3:98-00047-01, 2019 WL 6521981, at *3 (S.D.W. Va. Dec. 3, 2019) ("[T]he First Step Act authorizes the Court to sentence the defendant anew and enter a variance in cases it deems appropriate.") (Chambers, J.); United States Hardnett, Case No. 3:03cr212, 2019 WL 5445887, at *7 (E.D. Va. Oct. 24, 2019) (recognizing that a variance sentence may be imposed when granting relief under the First Step Act). Finally, a court must

consider the sentencing factors under 18 U.S.C. § 3553(a) and, in doing so, may consider post-sentencing conduct.  See Chambers, 956 F.3d at 674-75.

As for whether a court must hold a hearing, "[i]t is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case."  United States v. Baxter, Criminal Action No. 2:99-00215, 2019 WL 5681189, at *2 (S.D.W. Va. Oct. 31, 2019) (Chambers, J.).  "Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing."  Id. (citing Wright v. United States, Nos. 4:95-39, 4:95-44, 2019 WL 3046096, at *5 (E.D. Va. July 11, 2019)). "Nothing in the language of the FIRST STEP Act requires the Court to have a hearing.  The Court may hold a hearing if it deems [one] necessary to adequately address the issues of a particular case, or to properly consider the § 3553(a) factors, but it need not do so for every § 3582 Motion under the FIRST STEP Act." Wright, 2019 WL 3046096, at *5.

In this case, the court concludes that a hearing is unnecessary and defendant's request for one is **DENIED**.  The court has considered the record in this case, including the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, a memorandum received from the Probation Office, and any materials submitted by the

parties on this issue.  The court has also considered the applicable factors under 18 U.S.C. § 3553(a).

Based on the foregoing considerations, defendant's motion for a reduced sentence is **GRANTED** and it is further **ORDERED** that defendant's previous sentence on all counts is reduced to time served plus fourteen days on each count of conviction, sentences to run concurrently.  Defendant's term of supervised release remains five years and the court imposes the following special condition of supervised release:  that defendant reside at a halfway house for a period of up to six months at the discretion of the probation officer with the court's approval.  This condition is imposed to assist the defendant in his transition to the community and to give him the best chance for success while on supervised release.

In granting in part defendant's motion for a variance sentence and deciding upon the sentence herein imposed, the court considered all of the factors set forth in 18 U.S.C. § 3553(a). The court concluded that a sentence of time served plus fourteen days was sufficient, but not greater than necessary, to meet the objectives of sentencing set forth in these authorities.  In deciding to vary below the guidelines, the court finds significant defendant's post-sentencing conduct.  Of particular note, defendant has had <u>no</u> disciplinary incidents while incarcerated.  This is not only commendable but, in the court's

7

experience, also extremely rare.  In addition, defendant has obtained a GED and taken a number of classes while in prison in order to prepare himself for release from incarceration.  One of the § 3553(a) factors a court is directed to consider in imposing sentence is "the nature and circumstances of the offense and the history and characteristics of the defendant".  18 U.S.C. § 3553(a)(1).  Another factor a court must consider is "the need for the sentence imposed . . . to protect the public from further crimes of the defendant".  18 U.S.C. § 3553(a)(2)(C).  Defendant's criminal history as reflected in the PSR must be considered along with his post-sentencing conduct.  Consideration of the entire record leads to court to conclude that defendant's conduct during his lengthy incarceration weighs in favor of a time-served sentence.

The court acknowledges that the offenses of conviction were serious.  However, the more than 16 years that defendant has already served adequately reflect the seriousness of his conduct, promote respect for the law, provide just punishment for his offenses, and afford adequate deterrence to criminal conduct.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Judgment Order to defendant, the Federal Public Defender, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States

8

Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

It is SO ORDERED this 19th day of August, 2020.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge